# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: S.D. & A.D.**

**No. 13-0883** (Pocahontas County 12-JA-07 & 12-JA-08)

**FILED**

February 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Michael R. Whitt, appeals the Circuit Court of Pocahontas County's August 5, 2013, order terminating his parental rights to S.D. and A.D. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed its response in support of the circuit court's order. The guardian ad litem, Martin V. Saffer, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in failing to consider less restrictive dispositional alternatives, in disregarding procedural rules, and in terminating his parental rights without first granting an improvement period or requiring the DHHR to make reasonable efforts toward reunification.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, the DHHR filed an emergency ratification petition alleging that the parents abused the children. According to the petition, a Child Protective Services ("CPS") worker received a referral that three-month-old A.D. had sustained a head injury that resulted in a brain bleed and was being treated at the Greenbrier Valley Hospital emergency room. The CPS worker and a state trooper responded and interviewed the parents at the hospital, both of whom stated they did not injure the child or know who did. According to a nurse at the hospital, the child had bruises to the face, ear, and arm that were not consistent with accidental trauma. Due to the severity of the injuries, the child was transferred to Charleston Area Medical Center Women and Children's Hospital in Charleston, West Virginia.

The petition further alleged that, in the hours that followed, the CPS worker discovered that petitioner returned to his residence rather than going to the hospital in Charleston to be with the child. As such, the CPS worker and trooper went to petitioner's home for further investigation. They discovered drug paraphernalia in the home, and petitioner admitted to using marijuana. The home was cluttered and dirty, with multiple holes in the walls, rat poison scattered about the kitchen, and numerous dirty bottles with curdled milk. There was also a bassinette with

1

a broken leg and a mattress covered in black mold, which petitioner admitted the child had slept in until as recently as the night before when the bassinette's leg was broken. The CPS worker and trooper also viewed multiple videos on petitioner's cell phone of domestic altercations between the parents. In one video that petitioner stated was taken the night before, reference was made to the child's head injury. Interviews with neighbors indicated that the parents frequently engaged in domestic altercations. One neighbor even stated that on July 4, 2012, the parents were fighting and the mother threw A.D. at petitioner and told him to care for the child. Later, the CPS worker conferred with multiple medical professionals that confirmed A.D.'s injuries were non-accidental. A.D.'s treating physician, Dr. Mouna Chebib, stated that retinal scanning indicated the child had been shaken violently, resulting in severe retinal hemorrhages.

On July 25, 2012, the circuit court held a preliminary hearing and found probable cause to believe that the children were abused and neglected at the time of removal. The circuit court then held adjudicatory hearings on April 11, 12, and 15, 2013, and ultimately rejected the DHHR's assertion of aggravated circumstances based upon A.D.'s injuries. However, the circuit court did find the children to be abused and neglected due to evidence of domestic violence, petitioner's admitted drug use, drug paraphernalia in the home, the unsanitary conditions in the home, and the parents' failure to explain the serious injuries to A.D. The circuit court ordered both parents to undergo psychological evaluations and deferred ruling on petitioner's motion for an improvement period and supervised visitation until the results of his evaluation were known. In July of 2013, the circuit court held a dispositional hearing, during which it denied petitioner an improvement period and terminated petitioner's parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's denial of petitioner's request for an improvement period or in the termination of petitioner's parental rights. To begin, West Virginia Code § 49-6-12(b)(2) gives circuit courts discretion in granting post-adjudicatory

improvement periods upon a showing that the parent will fully participate in the same. The record in this matter supports the circuit court's denial because of petitioner's failure to show, by clear and convincing evidence, that he would fully comply with the terms of a post-adjudicatory improvement period.

Petitioner argues that he satisfied this burden by testifying that he believed he needed personal and parental improvement, and that he would substantially comply with the terms of an improvement period. However, this testimony is insufficient to show that petitioner would substantially comply with the terms of an improvement period in light of his failure to acknowledge the underlying conditions of abuse that necessitated the children's removal. While petitioner argues that "[i]t would be totally unrealistic to place upon [the parents] the affirmative obligation to admit that one . . . of them had hurt [the child]" because they assert that they were not responsible for the child's injuries, this argument fails to address the other issues of abuse present in the home. As noted in the dispositional order, petitioner's psychological evaluation indicated that petitioner "minimized the harm to [the] child, the domestic violence in [the] home," and also failed to "acknowledge maltreatment of [the] children . . . ." Further evidence established that other than obtaining a new residence, petitioner "made no effort to improve [the] environment in order to safely return the children to the home."

We have previously held that

> in order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Kaitlyn P.*, 225 W.Va. 123, 126, 690 S.E.2d 131, 134 (2010) (quoting *W.Va. Dep't of Health and Human Res. v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996)). Based upon the evidence above, it is clear that petitioner failed to acknowledge the abuse and neglect he perpetrated on the children. This encompasses more than the severe injuries to A.D.; it also includes ongoing domestic violence issues and substance abuse. As such, it was not error to deny petitioner's motion for a post-adjudicatory improvement period.

As to petitioner's argument that the circuit court erred in proceeding to termination because the DHHR never made reasonable efforts to reunify the family, the Court finds no merit to this argument. While petitioner is correct that the circuit court rejected the DHHR's allegations of aggravated circumstances based upon A.D.'s severe injuries and did order the DHHR to provide petitioner services, his allegation that the DHHR made no efforts to achieve reunification is incorrect. In the adjudicatory order, the circuit court specifically stated that the DHHR "shall provide services to the family to include psychological evaluations of the [parents]." It is undisputed that petitioner received such services, which constitute reasonable efforts to achieve reunification pursuant to West Virginia Code § 49-6-5(a), especially in light of the uncertainty surrounding the child's injuries.

The circuit court specifically delayed ruling on other services, such as supervised visitation, pending completion of the psychological evaluations so that there would be a better understanding of what services would be appropriate. However, after reviewing petitioner's psychological evaluation, the circuit court found that petitioner was "not motivated to address [his] problems that led to the abuse and neglect of [his] children." Therefore, there were no additional efforts the DHHR could make to attempt reunification in light of petitioner's failure to acknowledge the underlying issues of abuse and neglect. For these reasons, the Court finds that the DHHR made reasonable efforts to achieve reunification in this matter.

Finally, petitioner argues that the circuit court erred in terminating his parental rights because it failed to consider other dispositional alternatives and failed to follow applicable procedural requirements for dispositional hearings. While petitioner alleges that the circuit court "skipp[ed] the dispositional hearing altogether" and terminated his parental rights after a hearing on his motion for a post-adjudicatory improvement period, the record does not support this argument. It is true that at the dispositional hearing, the circuit court heard arguments on petitioner's motion, but the hearing was very clearly a dispositional hearing and petitioner was afforded notice as required by Rule 31 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and the opportunity to be heard as required by that same rule and West Virginia Code § 49-6-5(a). The adjudicatory order clearly stated that "[a] dispositional hearing shall be held . . . on May 22, 2013," and the record shows that this hearing was continued until July 24, 2013. Finally, the transcript of the July 24, 2013, hearing shows that the circuit court expressly began the hearing by stating that "we are here on a disposition." For these reasons, the Court finds no merit in petitioner's argument that the appropriate procedural rules regarding disposition were not followed.

Further, the Court finds that the evidence upon which the circuit court based its denial of petitioner's motion for a post-adjudicatory improvement period also supports termination of petitioner's parental rights. As noted above, petitioner made no progress in attempting to remedy the conditions of abuse and neglect in order to achieve reunification. Therefore, the circuit court was correct to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect in the near future in accordance with West Virginia Code § 49-6-5(b)(3). The circuit court further found that termination of petitioner's parental rights was in the children's best interest. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings. While petitioner argues that the circuit court failed to consider any less restrictive alternatives to termination of parental rights at disposition, the Court finds no evidence of such a disregard for less restrictive alternatives in the record. To the contrary, petitioner's failure to acknowledge the conditions of abuse and neglect left the circuit court no option other than to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court and its August 5, 2013, order is hereby affirmed.

4

Affirmed.

**ISSUED**: February 18, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II